People v Talley

2026 NY Slip Op 02762

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

JASON TALLEY, ALSO KNOWN AS SPREADY DEMON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

357 KA 23-00084

Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered December 21, 2022. The judgment convicted defendant upon a nonjury verdict of assault in the second degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [2]), arising out of an incident where, among other things, he repeatedly hit the victim in the head and lip with an air gun. We affirm.

Defendant contends that the verdict is against the weight of the evidence because the People failed to establish that the victim suffered a physical injury. We reject that contention. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). On appeal, the People do not contest that the victim did not suffer impairment of physical condition but contend that the evidence established that she experienced substantial pain. We agree. "Of course 'substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]; see People v Westbrooks, 213 AD3d 1274, 1275 [4th Dept 2023], lv denied 39 NY3d 1144 [2023]). "Whether the 'substantial pain' necessary to establish an assault charge has been proved is generally a question for the trier of fact" (People v Rojas, 61 NY2d 726, 727 [1984]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and [their] pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).

Here, the evidence at trial established that defendant hit the victim in the head with a gun multiple times, causing her to sustain "goose eggs" on her head and a lip laceration. The victim's testimony established that her "pain was not trivial" (Chiddick, 8 NY3d at 447). She ranked the pain from her lip as being 9.5 out of 10 and the pain from her head as ranging from 7 or 8 to 9 out of 10. Indeed, being hit in the head with a gun is "an experience that would normally be expected to bring with it more than a little pain" (id.; see generally People v Soto, 242 AD3d 1613, 1614 [4th Dept 2025], lv denied 44 NY3d 1068 [2026]). Additionally, the victim sought medical attention after the incident. Medical professionals conducted a CAT scan and recommended that the victim have stitches to repair her lip laceration. The victim's refusal of stitches does not negate a finding that defendant inflicted substantial pain when he repeatedly hit her with the gun (see generally People v Guidice, 83 NY2d 630, 636 [1994]; People v Kraatz, 147 AD3d 1556, 1557 [4th Dept 2017]). Moreover, that defendant repeatedly hit the victim in the head with a hard metal object like a gun established that defendant's motive was to inflict [*2]pain. Thus, viewing the evidence in light of the elements of the crime of assault in the second degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to whether the victim sustained a physical injury (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, it cannot be said that the factfinder "failed to give the evidence the weight it should be accorded" (id.).

We also reject defendant's contention that defense counsel was ineffective in failing to make a motion for a trial order of dismissal with respect to the count in the indictment charging defendant with assault in the second degree inasmuch as, for the reasons outlined above (see generally People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]), such a motion would have little or no chance of success (see People v Hills, 234 AD3d 1311, 1312 [4th Dept 2025], lv denied 43 NY3d 963 [2025]; People v Lostumbo, 182 AD3d 1007, 1010 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; see generally People v Caban, 5 NY3d 143, 152 [2005]).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court